QUINTIN SHAMMAM (STATE BAR NO. 246926)
LAW OFFICES OF QUINTIN G. SHAMMAM
2221 Camino del Rio South, Suite 207
San Diego, California 92108
TEL: (619) 444-0001
FAX: (619) 501-1119

Attorney for Plaintiff:
Johan Engman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Johan Engman, an individual, | ) Case No.: '15CV1142 AJB JLB |
|---|---|
| Plaintiff, | ) COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.* |
| vs. | ) |
| NATIONSTAR MORTGAGE LLC; | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

Plaintiff, Johan Engman ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. Defendant, Nationstar Mortgage, LLC ("Defendant") negligently and/or willfully contacted Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.

**JURISDICTION AND VENUE**

2. This court's jurisdiction arises under the TCPA over which the U.S. District Court has original subject matter jurisdiction under 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740,753 (2012)).

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3.   Venue is proper in the United States District Court for the Southern District of California under 18 U.S.C. § 1391(b) because the Defendant is registered with the California Secretary of State and does business within the State of California and the County of San Diego.

**PARTIES**

4.   Plaintiff is an individual and resident of California. Plaintiff is a person under 47 U.S.C. § 153(39).

5.   Defendant regularly does business in the State of California and maintains an agent for service of process within the State of California.

6.   Defendant is a person as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

7.   Plaintiff owed money on a loan. Starting on June 28, 2013, Defendant used an autodialer and/or prerecorded voice message to telephone Plaintiff's cellular phone in connection with collection of Plaintiff's loan debt.

8.   Plaintiff never provided his cellular telephone number to Defendant and never gave Defendant consent to contact him on his cellular telephone with an autodialer and/or prerecorded voice message.

9.   Defendant's automated telephone calls to Plaintiff's cellular telephone using an autodialer and/or prerecorded voice messages continued weekly, including calls in the early morning, from June 28, 2013, through December 2013.

10.  Defendant's automated telephone calls, all prior to the date this complaint was filed, but sometime after four years prior to the date this complaint was filed, were directed to

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

11. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

12. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls under 47 U.S.C. § 227(b)(1)(A)(iii).

13. Plaintiff did not provide prior express consent to Defendant to receive calls on his cellular telephone, under 47 U.S.C. § 227(b)(1)(A).

14. These telephone calls by Defendant violated 47 U.S.C. §227(b)(1).

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227 *ET SEQ.*

15. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

17. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, under 47 U.S.C. § 227(b)(3)(B).

18. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §227 *ET SEQ***

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

21. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, under 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant him the following relief against Defendant:

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §227 *ET SEQ.***

As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks (1) $500.00 in statutory damages, for each and every violation, under 47 U.S.C. § 227(b)(3)(B); (2) injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(b)(3)(A); and (3) any other

relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 *ET SEQ***

As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks (1) treble damages, as provided by statute, up to $1,500, for each and every violation, under 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); (2) injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(b)(3)(A); and (3) any other relief the Court may deem just and proper.

## TRIAL BY JURY

Under the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED:   5/20/2015            LAW OFFICES OF QUINTIN G. SHAMMAM

                              By:  s/ Quintin G. Shammam
                                   QUINTIN G. SHAMMAM, Attorney
                                   for Plaintiff, Johan Engman.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**